UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANEL THOMAS WILKERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-365-HAB-SLC |
| HEFFLEY, | |
| Defendant. | |

OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that, on October 3, 2022, between noon and 12:30 p.m., Officer Heffley told Wilkerson that the first shift command said they were too busy to assess an issue in the pod where Wilkerson was housed.[1] He was told to send a request to the shift command when the second shift command arrived. At some point, Officer Heffley

---

[1] Wilkerson does not indicate what issue led to this conversation.

said that he "was the authority and that child molesters in general have no say so in any matters." ECF 1 at 2. Wilkerson takes issue with Officer Heffley's use of the phrase "child molester," which he refers to as a "discriminational tactic." Wilkerson alleges that the comment caused him emotional pain and suffering, and he seeks $30,000.00 in damages.

Because Wilkerson is a pre-trial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). "Not every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie v. Doyle*, 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

"[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Where verbal harassment is "fleeing" or "too limited to have an impact" the constitution is not

2

implicated. *Id.* at 358. Although unprofessional, Officer Heffley's one-time remark made to Wilkerson, without more, does not rise to the level of a constitutional claim.

If Wilkerson believes he can provide additional details that would state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Nathanel Thomas Wilkerson until **December 7, 2022**, to file an amended complaint; and

(2) CAUTIONS Nathanel Thomas Wilkerson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 7, 2022.

s/Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT