UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANEL THOMAS WILKERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-365-HAB-SLC |
| HEFFLEY, | |
| Defendant. | |

OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed an amended complaint against Correctional Officer Heffley. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that, on October 3, 2022, between noon and 12:30 p.m., he told Officer Heffley that his toilet was clogged. Officer Heffley told Wilkerson to send a request to the second shift command when they arrive at 2:00 p.m. Wilkerson asked Officer Heffley to contact the first shift command to assess the issue, so that he would not remain in his cell with a toilet that was clogged with feces. Officer Heffley later told Wilkerson that he did call first shift command, but that they were too busy to address

the problem. At some point, Officer Heffley said that he "was the authority and that child molesters in general have no say so in any matters." ECF 8 at 3. Wilkerson waited seven hours for his toilet to be unclogged. He seeks $30,000.00 in punitive damages.

Because Wilkerson is a pre-trial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). "Not every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie v. Doyle*, 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

The court has already explained to Wilkerson that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Where verbal harassment is "fleeing" or "too limited to have an impact" the constitution is not implicated. *Id.* at 358. As noted in this court's earlier screening order, Officer Heffley's one-time remark made to Wilkerson

2

was unprofessional but, without more, does not rise to the level of a constitutional claim.

The focus of the amended complaint is not Officer Heffley's comment but the manner he handled Wilkerson's request that his clogged toilet be addressed. Officer Heffley's handling of the situation was not unreasonable. While it may have been unpleasant to have a clogged toilet for several hours, the issue was addressed within a reasonable time and the handling of the situation, as described in the amended complaint, does not amount to punishment. Furthermore, Officer Heffley was not responsible for delay that occurred after his shift ended. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Neither Wilkerson's original complaint nor his amended complaint state a claim. For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 12, 2022.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT